IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
07/22/2008

```
                                )
IN RE                           )
                                )
SABINO MORENO,                  )  CASE NO. 05-95481-H3-13
                                )
         Debtor,                )
                                )
SABINO P. MORENO,               )
                                )
         Plaintiff,             )
v.                              )  ADV. NO. 06-3230
                                )
BRIGIDO REYES, ET AL.,          )
                                )
         Defendants.            )
                                )
```

INTERLOCUTORY MEMORANDUM OPINION

The court has considered the "Emergency Motion for Relief from Judgment by Respondent Brigido Reyes" (Docket No. 38).  The following are the Findings of Fact and Conclusions of Law of the court.  An additional evidentiary hearing will be set. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Sabino Moreno ("Debtor" or "Plaintiff") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on December 15, 2005.

On February 23, 2006, Plaintiff filed the instant adversary proceeding.  In the complaint, which was styled as a "Motion for Contempt Order and Turnover of 1999 Dodge Pickup Truck," Plaintiff sought a determination of contempt, turnover of a vehicle, and damages, against the "Respondents" identified in the complaint as "Brigido Reyes dba Progressive Auto & Collision and Lee Royce Scrugs dba Asset Recovery" (Docket No. 1).

The clerk issued a summons directed to Brigido Reyes on February 23, 2006.  There is nothing on the docket sheet to indicate that this summons was served.

On April 10, 2006, Plaintiff filed a document styled "Amended Motion for Contempt Order and Turnover of 1999 Dodge Pickup Truck," identifying the "Respondents" as "Brigido Reyes dba Progressive Auto & Collision, Rick Hernandez dba Progressive Auto & Collision, and Lee Royce Scruggs dba Asset Recovery" (Docket No. 7).

The clerk issued a summons directed to "Brigido Reyes d/b/a Progressive Auto & Collision" on April 10, 2006.  There is nothing on the docket sheet to indicate that this summons was served.

On April 18, 2008, Plaintiff filed a "Second-Amended Motion for Contempt Order and Turnover of 1999 Dodge Pickup Truck," identifying the "Respondents" as "Brigido Reyes dba Progressive Auto & Collision, Rick Hernandez dba Progressive Auto

2

& Collision, and Lee Royce Scruggs dba Asset Recovery" (Docket No. 10).

On April 18, 2006. The clerk issued a summons directed to Brigido Reyes on April 18, 2006. There is nothing on the docket sheet to indicate that this summons was served.

On June 7, 2006, Plaintiff filed a document styled "Third-Amended Motion for Contempt Order and Turnover of 1999 Dodge Pickup Truck," identifying the "Respondents" as "Brigido Reyes, Individually and dba Progressive Auto & Collision, Rick Hernandez, Individually and dba Progressive Auto & Collision, Alfonso Tamez, Individually and dba DD Auto Titles & Transfer" (Docket No. 13).

The clerk issued a summons directed to Brigido Reyes on June 8, 2006. Plaintiff filed a return of service on June 30, 2006. The return of service reflects that Gordon W. Hanna purportedly served the summons and complaint by regular first-class U.S. mail addressed to "Progressive Auto & Collision" and by leaving the process with Marisza Zambrano, office manager, at Progressive Auto & Collision's business premises. (Docket No. 16).

On October 5, 2006, Plaintiff filed a document styled "Fourth-Amended Motion for Contempt Order and Turnover of 1999 Dodge Pickup Truck," identifying the "Respondents" as "Brigido Reyes dba Progressive Auto & Collision, Rick Hernandez dba

Progressive Auto & Collision" (Docket No. 19).

The clerk issued a summons directed to Brigido Reyes on October 5, 2006.  Plaintiff filed a return of service on October 10, 2006.  The return of service reflects that Gordon W. Hanna purportedly served the summons and complaint by leaving the process with Czar Benavides, at 2112 Southmore, Pasadena, Texas.[1] (Docket No. 20).

On November 19, 2007, Plaintiff filed a motion for default judgment.  The motion was supported by an affidavit from Plaintiff's attorney, Roy L. Abner, stating the cost of legal services he rendered.  The motion was also supported by Plaintiff's affidavit, addressing the substance of the matters addressed in the complaint.  The motion was also supported by an affidavit reflecting that Plaintiff determined, after consulting the Department of Defense Manpower Data Center, that Defendant Brigido Reyes is not a servicemember on active duty.  (Docket No. 34).  The motion was granted, by order entered December 13, 2007. (Docket No. 35).

In the instant motion, Reyes seeks relief from the default judgment entered December 13, 2007.  Reyes asserts that he was never properly served with process in the above captioned adversary proceeding.

---

[1]The address identified in the October 10, 2006 return of service is the same as the address identified for "Progressive Auto & Collision" in the June 30, 2006 return of service.

On November 3, 2000, Freddy A. Sepulveda and Brigido Reyes filed a "Certificate of Ownership for Unincorporated Business or Profession" in the assumed name records of Harris County, Texas, stating that they were the owners of a general partnership named Progressive Collision & Auto.  (Plaintiff's Exhibit 3).

On May 26, 2005, suit was filed against Plaintiff in the Justice Court, Precinct No. 2, Pos. No. 2, by "Progressive Auto Collision Center, Brigido Reyes, Maricela Zambrano, Rick Hernandez."  (Plaintiff's Exhibit 5).  The parties have stipulated that Progressive Auto Collision Center, Inc. was incorporated on December 29, 2003.

On September 19, 2006, Brigido Reyes filed a withdrawal notice of the assumed name, in the assumed name records of Harris County, Texas.  (Plaintiff's Exhibit 4).

### Conclusions of Law

A proceeding to recover money or property is an adversary proceeding.  BR 7001(1).[2]  An adversary proceeding is commenced by filing a complaint with the court. FRCP 3, as made applicable by BR 7003.

FRCP 60(b), as made applicable by BR 9024, governs relief from judgment.  FRCP 60(b) provides in pertinent part:

---

[2]All references to "BR" indicate the Federal Rules of Bankruptcy Procedure.  All references to "FRCP" indicate the Federal Rules of Civil Procedure."

On motion and just terms, the court may relieve a party
or its legal representative from a final judgment,
order, or proceeding for the following reasons:

* * *

(4) the judgment is void;

* * *

(6) any other reason that justifies relief.

FRCP 60(b).

Service of the initial summons and complaint is
governed by FRCP 4, as made applicable by BR 7004, and by BR
7004.[3]  FRCP 4(e) provides:

(e) Serving an Individual Within a Judicial District of
the United States.  Unless federal law provides
otherwise, an individual--other than a minor, an
incompetent person, or a person whose waiver has been
filed--may be served in a judicial district of the
United States by:

(1) following state law for serving a summons in
an action brought in courts of general
jurisdiction in the state where the district court
is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of
the complaint to the individual personally;

(B) leaving a copy of each at the
individual's dwelling or usual place of abode
with someone of suitable age and discretion

---

[3]Plaintiff has additionally asserted that service was
effectuated under FRCP 5.  The court notes that Plaintiff's
styling of the original complaint and amended complaints as
motions do not relieve Plaintiff from the requirements of FRCP 4.
The more relaxed pleading requirements of FRCP 5 do not apply in
the instant case, in the absence of effective service of the
original complaint under FRCP 4 and BR 7004.

who resides there; or

(C) delivering a copy of each to an agent
authorized by appointment or by law to
receive service of process.

FRCP 4(e).

BR 7004(b) provides in pertinent part:

(b)  Service by First Class Mail.  Except as provided
in subdivision (h), in additiona to the methods of
service authorized by Rule 4(e)-(j) FR Civ P, service
may be made within the United States by first class
mail postage prepaid as follows:

(1) Upon an individual other than an infant or
incompetent, by mailing a copy of the summons and
complaint to the individual's dwelling house or
usual place of abode or to the place where the
individual regularly conducts a business or
profession.

* * *


(8) Upon any defendant, it is also sufficient if a
copy of the summons and complaint is mailed to an
agent of such defendant authorized by appointment
or by law to receive service of process, at the
agent's dwelling house or usual place of abode or
at the place where the agent regularly carries on
a business or profession and, if the authorization
so requires, by mailing also a copy of the summons
and complaint to the defendant as provided in this
subdivision.

BR 7004(b).

In the instant adversary proceeding, the initial

complaint and initial summons were not served.  Plaintiff's first

attempt to serve Reyes, as set forth in the return of service

dated June 30, 2006, was addressed to the partnership,

Progressive Auto & Collision, rather than to Reyes.  Service on

7

the partnership is insufficient to serve Reyes in his individual capacity.  See, e.g., Dep't of Economic Dev. v. Arthur Andersen & Co., 924 F. Supp. 449 (S.D.N.Y. 1996).

Plaintiff's second attempt to serve Reyes, as set forth in the return of service dated October 10, 2006, was not addressed to Progressive Auto & Collision, or to anyone else, including Reyes.  It was delivered to Czar Benavides.

In light of the incorporation of Progressive Auto Collision Center, Inc. in 2003, and Reyes' withdrawal of notice of assumed name prior to the attempt at service set forth in the return of service dated October 10, 2006, the evidence is ambiguous as to whether Benavides could accept service for Reyes, and as to whether Reyes, individually, regularly conducted a business at Progressive Auto Collision Center, Inc.'s business premises.  The court concludes that further evidence is needed.

Based on the foregoing, a continued evidentiary hearing is set for August 11, 2008, at 2:00 p.m., in Courtroom 401, 515 Rusk, Houston, Texas.

Signed at Houston, Texas on July 21, 2008.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

8