

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**08/12/2008**

| | |
|---|---|
| IN RE ) | |
| ) | |
| SABINO MORENO, ) | CASE NO. 05-95481-H3-13 |
| ) | |
|     Debtor, ) | |
| ) | |
| SABINO P. MORENO, ) | |
| ) | |
|     Plaintiff, ) | |
| v. ) | ADV. NO. 06-3230 |
| ) | |
| BRIGIDO REYES, ET AL., ) | |
| ) | |
|     Defendants. ) | |
| ) | |

<u>MEMORANDUM OPINION</u>

The court has considered the "Emergency Motion for Relief from Judgment by Respondent Brigido Reyes" (Docket No. 38). The court has previously entered an interlocutory memorandum opinion (Docket No. 46) addressing the instant motion. The following are the additional Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

In this court's Interlocutory Memorandum Opinion signed July 22, 2008 (Docket No. 46), the court made findings of fact

and conclusions of law regarding the service of process on Defendant Brigido Reyes.  The court set an additional evidentiary hearing to permit the parties to present evidence as to the authority of Czar Benavides to accept service of process directed to Reyes.

Neither of the parties presented testimony.  The only additional evidence adduced consists of four documents, admitted by stipulation.  None of the four documents addresses Benavides' authority to accept service of process directed to Reyes.

<u>Conclusions of Law</u>

As set forth in the court's Interlocutory Memorandum Opinion, Plaintiff's first attempt to serve Reyes, addressed to Progressive Auto & Collision, rather than to Reyes, is insufficient to serve Reyes in his individual capacity.  <u>See</u>, <u>e.g.</u>, <u>Dep't of Economic Dev. v. Arthur Andersen & Co.</u>, 924 F. Supp. 449 (S.D.N.Y. 1996).

Plaintiff's second attempt to serve Reyes, which was unaddressed, was delivered to Czar Benavides.  Plaintiff has not proven that Benavides was authorized to accept service for Reyes. The court concludes that relief from the default judgment entered against Reyes is justified, in light of failure of service in the instant adversary proceeding.

Based on the foregoing, a separate Judgment will be entered granting relief from the default judgment, and directing

service of process on Reyes, through his attorney of record in
the instant adversary proceeding.

     Signed at Houston, Texas on August 12, 2008.


_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE

3